IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RANA HAJIZADEH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:10-0817 |
| v. ) | Judge Nixon / Magistrate Judge Brown |
| ) | |
| VANDERBILT UNIVERSITY ) | |
| and WONDER DRAKE, M.D., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Pending before the Magistrate Judge is Plaintiff's Motion to Amend Complaint. (Docket Entry 26). In turn, Defendants responded and Plaintiff filed a reply. (Docket Entries 27 and 28). For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

I. Procedural History

Plaintiff, a former employee at Vanderbilt University Medical Center, initiated this action against Defendants, Vanderbilt University ("Vanderbilt") and Wonder Drake, M.D. ("Dr. Drake") (collectively, "Defendants"), on August 31, 2010. (Docket Entry 1). Plaintiff timely filed her first Amended Complaint on November 3, 2010, alleging five counts of unlawful employment practices brought under various federal and state laws. (Docket Entry 13 ¶1).

Stated in the Magistrate Judge's Initial Case Management Order, the deadline to amend the pleadings was March 4, 2011. (Docket Entry 12). Afterward, on June 27, 2011, the parties filed a joint motion to extend the scheduling order. (Docket Entry 23). The Magistrate Judge granted that motion and set the following deadlines: September 9, 2011 for discovery; October

1

11, 2011 for dispositive motions; April 16, 2012 for the final pretrial conference; and May 1, 2012 for trial. (Docket Entry 24). No requests were made to set a new deadline for amendment.

On September 8, 2011, Plaintiff filed the pending Motion to Amend Complaint. (Docket Entry 26). Plaintiff requests leave in order to add a claim for discrimination and retaliation under 42 U.S.C. § 1981 and, in doing so, she will dismiss claims originally pled as national origin discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e) *et seq.* ("Title VII") and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101 *et seq.* ("THRA"). *Id.* Unfortunately, this motion was filed after the original March 4, 2011 deadline to amend the pleadings, and on the eve of the amended discovery deadline of September 9, 2011.

## II. Standard for Leave to Amend Complaint

As a general rule for a party's request for amendment, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). Factors relevant to the court's decision include "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Head v. Jellico Housing Authority*, 870 F.2d 1117 (6th Cir. 1989) (quoting *Hageman v. Signal L.P. Glass, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)).

Delay in filing, by itself, "does not justify denial of leave to amend." *Morse v. McWhorter*, 290 F.3d 800 (6th Cir. 2002). "At some point, however, delay will become undue, placing an unwanted burden on the court, or will become prejudicial, placing an unfair burden on the opposing party." *Id.* (quoting *Adams v. Gould*, 739 F.2d 858, 863 (3d Cir. 1984)). In determining whether an amendment is prejudicial, the court considers whether it would "require

2

the opponent to expend significant additional resources to conduct discovery and prepare for trial [or] significantly delay the resolution of the dispute." *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994).

In the absence of a reason to deny leave to amend, the general rule that it be freely given "is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Indeed, Rule 15 serves to "reinforce the principle that cases should be tried on their merits rather than on the technicalities of the pleadings." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)).

### III. Plaintiff's Proposed Amendments

Defendants argue that Plaintiff should be denied leave to amend her complaint, citing grounds of undue delay and undue prejudice. (Docket Entry 27 p. 1, 3). Again, "delay alone, regardless of its length is not enough to bar [amendment] if the other party is not prejudiced." *Moore*, 790 F.2d at 560 (quoting 3 Moores's Federal Practice, ¶ 15.08 at 15.76).

In *Moore*, the Sixth Circuit reversed the denial of plaintiff's motion to amend–even though it was filed over three years after the original complaint. The Court reasoned that the "relatively light prejudice" suffered by the defendant did not create delay that was particularly undue. *Id.* at 562. *Moore* highlighted that courts are required to "determine the degree of prejudice to the adversary before granting or denying an amendment." *Id.* at 561. Denying leave to amend a complaint requires "at least some *significant* showing of prejudice to the opponent." *Id.* (emphasis added). One reference point the Sixth Circuit has used in determining the degree of prejudice is the discovery deadline. *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999). For example, the *Duggins* Court agreed that allowing leave to amend after the close

3

of discovery amounted to "significant prejudice" against the opposing party. *Id.* In *Duggins*, plaintiff's claim was delayed "until after discovery had passed, the dispositive motion deadline had passed, and a motion for summary judgment had been filed." *Id.*

Another factor used in determining the degree of prejudice is the substantive law underlying the proposed amendment. The Sixth Circuit has held against denying an amendment "particularly where . . . the newly asserted claim would be supported by facts set forth in the original claim." *Moore*, 790 F.2d at 561 (citing *Tefft*, 689 F.2d at 639). In *Morse v. McWhorter*, 290 F.3d 795, 801 (6th Cir. 2002), the Court reasoned that the defendant "does not have to substantially revise any present defense strategy because the plaintiffs' proposed second amendment does not add new substantive claims or overhaul plaintiffs' theory of the case[.]" Writing in support of plaintiff's proposed amendment, the *Morse* Court noted that "another round of motion practice . . . does not rise to the level of prejudice that would warrant denial of leave to amend." *Id.* Despite a different outcome, the *Duggins* Court exhibited this same line of reasoning: plaintiff was denied leave because "[a]llowing amendment at this late stage in the litigation would create significant prejudice to the defendants in having to reopen discovery and prepare a defense for a claim quite different from the [original claim]." *Duggins*, 195 F.3d at 834.

Turning to the case at bar, there is no question that Plaintiff delayed in filing her motion. The Magistrate Judge gives credence to Defendants' position that "ignoring the established deadlines in this case render the March 4th deadline in the Court's Initial Case Management Order meaningless." (Docket Entry 27, p.1). Nonetheless, this matter turns on whether Defendants are unduly *prejudiced* by Plaintiff's delay.

4

The discovery deadline in this case, by itself, does not create significant prejudice. Here, discovery is apparently ongoing due to the unavailability of one of the Defendant's witnesses. Plaintiff agreed to schedule a deposition for September 21, 2011–beyond the original discovery deadline of September 9, 2011. (Docket Entry 28, p.1-2). In addition to the ongoing discovery in this case, it is distinguishable from *Duggins* because other relevant deadlines have not passed: dispositive motions are not due until October 11, 2011 and trial is not set until May 1, 2012. More so, the procedural history of this case is relatively short. While the *Moore* Court permitted amendment over three years after the original complaint, the case at bar commenced only thirteen months ago. *See Moore*, 790 F.2d at 558.

From the outset of this case, Plaintiff has alleged a pattern of employment discrimination at the hands of Defendants. Plaintiff requests leave merely to articulate her legal claims; that is, to replace her original Title VII claims with a claim under 42 U.S.C. § 1981. Said claims are analyzed under the same standards, effectively precluding substantial prejudice to Defendants. *See White v. Baxter Healthcare Corp.*, 533 F.3d 381, 391 (6th Cir. 2008). To that end, Plaintiff provides a recitation of facts she originally pled that will support her amended complaint. (Docket Entry 26 p.1-2). At this point in the proceedings, it does not appear the amendment would be futile. Like the proposed second amendment in *Morse*, the §1981 claim would not "overhaul [Plaintiff's] theory of the case." *Morse*, F.3d at 801. Similarly, this case is distinguishable from *Duggins* in that Defendants would not have to prepare a "quite different" defense. *Duggins,* 195 F.3d at 834.

In short, granting Plaintiff leave to amend her complaint will not create undue delay or undue prejudice against Defendants. The facts relevant to Plaintiff's original complaint and

5

proposed amendment are essentially the same. As such, amendment should not significantly change either party's theory of the case–nor should it significantly increase existing discovery efforts. Granting the motion will allow this case to proceed on the merits. Should Defendants need a modest adjustment in the current scheduling order, they should consult with Plaintiff and either file a joint motion or request a telephone conference with the undersigned.

IV. Conclusion

For the reasons set forth above, Plaintiff's Motion to Amend Complaint (Docket Entry 26) is **GRANTED**.

It is so **ORDERED**.

Entered this 20th day of September, 2011.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge